Little *v.* Little.

## WILLIAM LITTLE *vs.* SARAH A. LITTLE.

The appointment by the court, under Rev. Sts. c. 76, § 18, of a guardian *ad litem* for a respondent to a libel, on the ground of insanity, is *prima facie* evidence of the respondent's insanity in any subsequent stage of the cause.

On the trial of a libel to annul a marriage, one party cannot be admitted as a witness under *St.* 1857, *c.* 305, § 1, if the other is insane.

LIBEL filed in October 1854, for a decree declaring the nullity of a marriage contracted between the parties in October 1853, on the ground of the respondent's insanity at that time. At April term 1858 the respondent, by a guardian *ad litem* appointed by the court on the ground of her insanity, answered, denying that she was insane at the time of the marriage. Trial by jury, and verdict for the libellant, at the same term, before the chief justice, who made a report of the case, the material part of which was as follows :

" On proceeding to the evidence, the libellant offered his own testimony under the authority of *St.* 1857, *c.* 305, authorizing parties to be witnesses in certain cases. This was objected to, on the ground that the case is within the exception to the statute ; it was relied on in support of the objection, that the matter in controversy is the validity of the marriage, which is a contract

or in the nature of a contract, and therefore within the true intent and construction, that if one of the parties to such contract is dead or insane at the time of the trial, so as to be incapable of testifying, then the other party, surviving or continuing of sound mind, shall not be permitted to testify; and that the fact that the respondent is alleged in the libel to be insane, and is defending here by guardian, is such proof of her insanity, that on that ground the testimony of the libellant, the other party, ought not to be admitted.

" Without expressing an opinion upon the question, whether the subject matter of this controversy is a contract within the true construction of the statute — a point not necessary to be decided until it is shown that she is now insane and incapable of testifying — I ruled that the fact, that the libel alleges her to have been of unsound mind at the time of the marriage, and that she defends this suit by a guardian, is not sufficient evidence that she is now insane and incapable of testifying, to warrant and require the exclusion of the libellant as a witness.

" The counsel for the respondent declining to offer any other evidence of her present insanity, the libellant was admitted as a witness.

" Both of these questions; namely, 1st. Whether the subject matter is a contract within the meaning of the statute ; and 2d. Whether the evidence of her present insanity was such as to exclude the libellant, are reserved, by request of the respondent, for the consideration of the whole court."

The case was argued at November term 1858 in Essex.

*S. H. Phillips & J. A. Gillis*, for the respondent.

*O. P. Lord*, for the libellant.

BIGELOW, J.   The appointment of a guardian *ad litem* to appear and answer for the respondent necessarily presupposes that in a previous stage of the case her mental condition and capacity had been inquired into and the fact of her insanity during the pendency of the suit duly ascertained and adjudicated.   Formerly the power to appoint a guardian in such cases was not exercised by the court; but upon suggestion that the respondent was insane, the party prosecuting the libel, as preliminary to a

hearing on the merits, was required to procure the appointment of a guardian in the probate court. *Mansfield* v. *Mansfield,* 13 Mass. 412. By the Rev. Sts. *c.* 76, § 18, it is provided that " if the respondent is insane, at any time during the pendency of the suit, the court shall appoint some suitable person as a guardian." This provision clearly requires the court to determine judicially the fact of the insanity of the respondent, as a condition precedent to the exercise of the authority to appoint a guardian *ad litem.* Such determination is in the nature of an interlocutory decree or judgment in the case. It establishes the fact of the existence of insanity in the respondent during the pendency of the suit, and, being the judgment of a competent tribunal on the question, it is *prima facie* evidence of the fact in any subsequent stage of the case. Besides, insanity, when once proved, is presumed to continue unless it was accidental or temporary in its nature, which is not alleged to be in the present case. . *Stone* v. *Damon,* 12 Mass. 488. *Breed* v. *Pratt,* 18 Pick. 115. *Hix* v. *Whittemore,* 4 Met. 545.

As the case stood, therefore, when the libellant offered to testify, the presumption was that the respondent was still insane, and in the absence of proof to the contrary on the part of the libellant, he was not a competent witness, if the case falls within the exception to *St.* 1857, *c.* 305, § 1, which provides that when one of the original parties to the contract or cause of action then in issue and on trial is shown to the court to be insane, the other party shall not be admitted to testify in his own favor.

There would seem to be no room for doubt that the case at bar falls within this exception. Whatever question or controversy may exist among legal writers and jurists concerning the nature of the relation subsisting between husband and wife after marriage — whether the rights and liabilities of the parties are then to be regulated and governed by the principles applicable to all civil contracts, or the contract is to be considered as merged in the higher nature of the status created by the agreement of the parties — all the authorities concur in the conclusion that marriage has its origin and foundation in a purely civil

Little *v.* Little.

contract. 2 Kent Com. (6th ed.) 76, 86. Shelf. Mar. & Div. 1. *Edmonstone's case*, Ferguson, 397–399. *Milford* v. *Worcester*, 7 Mass. 52. *Smith* v. *Smith, ante*, 210. The whole object of the present suit was to annul and cause to be declared void that contract, which the parties had in form and according to legal usage assented to, upon the ground that the respondent was wanting in capacity to enter into a valid contract at the time the marriage ceremony was solemnized. The existence and validity of the contract was directly " in issue and on trial." The case was therefore within the express words of the statute. It was also within its spirit. The object of this clause in the statute was to prevent the gross injustice of allowing one party to a suit to testify to facts equally within the knowledge of both, when the other party was incapacitated from giving testimony in a court of justice.

For these reasons, a majority of the court are of opinion that the libellant was not a competent witness and his evidence should not have been received at the trial. *Verdict set aside.*